The HOME INDEMNITY COMPANY, New York, Plaintiff-Appellant,

v.

James NORTON, Edward Norton and David Thompson, Defendants-Appellees.

No. 12282.

United States Court of Appeals Seventh Circuit.

Oct. 28, 1958.

---

John M. Moelmann, Joseph H. Hinshaw, Oswell G. Treadway, John L. Kirkland, Chicago, Ill., for appellant.

James A. Dooley, Frank J. Delany, Chicago, Ill., for appellees.

Before HASTINGS and KNOCH, Circuit Judges, and WHAM, District Judge.

HASTINGS, Circuit Judge.

This is a diversity action for a declaratory judgment on a policy of automobile liability insurance seeking a determination of whether the driver of the insured automobile was operating it with the permission of the named insured under the provisions of the following insuring agreement in the policy:

"III. Definition of Insured: With respect to the insurance for bodily injury liability and for property damage liability *the* unqualified *word 'insured' includes the named insured and also includes any person while using the automobile* and any person or organization legally responsible for the use thereof, *provided the actual use of the automobile is by the named insured or with his permission.* \* \* \*" (Our emphasis.)

The action was brought by Home Indemnity Company (appellant) on the policy in question issued to defendant, James Norton, insuring his automobile at the time it was being operated by defendant, Edward Norton, his son, and when it came in contact with and injured defendant, David Thompson, all three of such defendants being appellees herein. There is now pending in the Superior Court of Cook County, Illinois, a separate action for damages for personal injuries brought by David Thompson against James and Edward Norton.

Jury trial was waived and this case was tried to the court which found that at the time of the accident in question Edward Norton was operating his father's automobile with his implied permission, and held, therefore, that as such permittee he was an additional insured under the terms of the policy in question,

and that plaintiff insurance company was obligated to defend him in the state court action and pay any judgment entered therein against him (within the policy limits). From this judgment plaintiff appeals, assigning as errors the foregoing finding and the ruling of the trial court on the admission of certain evidence.

The ultimate contested issue is whether the operator of the insured automobile was using it with the implied permission of the insured owner within the terms of the "omnibus clause" insuring agreement.

The following facts were fairly established by substantial evidence or reasonable inferences to be drawn therefrom. James Norton owned the insured automobile and lived with his wife, his eighteen year old son, Edward, and two adult sons. Edward had previously driven his car without asking his father's permission. He had never been denied permission to drive it. On the evening of the accident in question the father went to bed leaving the car keys in their customary place on a table in the front room of the home. Edward took the car keys without mentioning it to his father, drove the car from the garage behind the house to see his girl friend, and on returning from her home was involved in the accident in question. While confined in a hospital on the evening of the accident the son signed a statement for the police in which he stated, among other things, that he had been driving this particular automobile for two years. The father was notified of the accident and called to the hospital and made no comment concerning his son's use of the car. Shortly after the accident plaintiff collected an additional premium from the father because this son had been taking the car and driving it and endorsed the policy accordingly, retroactive to its original date of issuance. Thereafter plaintiff insurance company filed an S.R. 21 form with the Secretary of State of Illinois, pursuant to the terms of the Illinois Financial Responsibility Act, Chapter 95½, § 58k, Ill.Rev.Stat. (1955), ac-

knowledging that the son, Edward, was insured at the time of the accident. The son's application for a driver's license was introduced in evidence to show that about twenty months prior to the accident he had driven this insured car at the time he took his tests.

Appellant places great emphasis on the testimony of the father that he never gave his son permission to drive this car, and the son's testimony to the same effect. Yet, in his written statement to the police made at the hospital shortly after the accident, the son admitted that he had been driving this car for two years. The son further testified that he had never driven this car before and did not drive it at the time he took his test for his driver's license. These inconsistencies in the son's testimony, together with the other circumstances surrounding this transaction, furnish ample support for the finding of "implied permission" by the trial court. A jury trial having been waived by all parties, no citation of authorities is needed to support our holding that the findings of the trial court will not be disturbed unless they are clearly erroneous, Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., that court being in the best position to weigh the evidence and judge the credibility of the witnesses.

We find no difficulty in concluding that plaintiff not only failed to discharge any burden it might have had to prove there was an absence of implied permission, Konrad v. Hartford Accident & Indemnity Co., 1956, 11 Ill.App.2d 503, 523, 137 N.E.2d 855, 865, but that the circumstances were such as to justify a contrary finding based on a course of conduct engaged in by the father and his son, Goff v. New Amsterdam Cas. Co., 1943, 318 Ill.App. 586, 590, 48 N.E.2d 584, 585.

Plaintiff claims prejudice because the court heard testimony showing that it filed the S.R. 21 form under the Illinois Financial Responsibility Act, for the reason that such a filing was not relevant to the issue of "permission" in this trial. We do not agree. We cannot overlook the undisputed fact that plaintiff demanded and collected the additional premium on this policy *after the occurrence of the accident,* and then endorsed its policy showing such a change in the classification of the operators of the insured car retroactive to the date the policy was first issued. The fact that it notified the Secretary of State of this coverage, under these circumstances, is strongly persuasive that such testimony is not only relevant but quite proper for the court to consider, and we so hold. The cases cited by appellant to the contrary are inapposite. While we think there is justification for the contention that plaintiff, in collecting the additional premium and retroactively endorsing the policy, waived its defense under the omnibus clause in the policy and was thereby estopped from asserting that the policy was not effective, we do not reach that question here.

We have considered appellant's further claims that the court erred in admitting into evidence the police statement of the son's account of the accident and his driver's license test form. These claims are without merit.

Under our examination of this record we hold that the trial court was amply justified in finding that defendant, Edward Norton, at the time of the accident in question, was driving the automobile involved with the implied permission of the insured owner.

The judgment of the trial court is

Affirmed.